# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 17-260-CG-N |
| **SEBASTIAN RISO** | ) ) ) | |

## ORDER

This matter is before the Court on Defendant, Sebastian Riso's ("Riso") "Motion to Reconsider Order #45", requesting that this Court reconsider its previous denial of Riso's Motion for Compassionate Release. (Doc. 46). The Government has responded (Doc. 48) and Riso has replied (Doc. 49). Upon consideration and for the reasons set forth herein below, Riso's motion is DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2018, Riso pleaded guilty to one count of possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). (Doc. 23). On November 13, 2018, Riso was sentenced to 160 months' imprisonment and five years of supervised release. (Doc. 34). Riso did not appeal his conviction or sentence.

On March 10, 2021, Riso filed a Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 36). This Court denied Riso's motion in its discretion on May 5, 2021. (Doc. 45). The instant motion to reconsider followed. (Doc. 46).

1

DISCUSSION

Riso asserts that this Court should reconsider its previous order because the "Govt's response was unavailing and did not address that factual issues of the Defendant's health concerns." (Doc. 46 at 1; PageID.421). To that end, Riso provided the Court with additional information pertaining his alleged health conditions which he contends supports his release. (*Id*. at 2-3; PageID.421-22). Riso next argues that his playing a major role in the distribution of a significant amount of drugs should not support his continued incarceration given his health and that his educational courses and post-incarceration behavior support his release. (*Id*. at 3-4; PageID.423-24). Accordingly, Riso asserts that this Court was previously "not fully informed, of all facts and legal arguments, prevailing towards Compassionate Release for Defendant." (*Id*. at 6; PageID.426). In his reply, Riso additionally contends that the Government lacks stranding in this action. (Doc. 49, generally)

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Gougler v. Sirius Products, Inc.*, 370 F.Supp.2d 1185, 1189 (S.D. Ala. 2005); *see also Spellman v. Haley*, 2004 WL 866837, *2 (M.D. Ala. Feb.22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling"). A motion to reconsider is not a vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 128 S.Ct. 2605, 2617 n. 5, 171 L.Ed.2d 570 (2008) (citation omitted). The Eleventh Circuit has stated that "a motion to

reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997). Rather, the law of this Circuit is unambiguous that "[t]he only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir.2009) (citation omitted). Simply put, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Gipson v. Mattox*, 511 F.Supp.2d 1182, 1185 (S.D.Ala.2007) (citation omitted).

Riso's arguments are not compelling. As an initial matter, Riso has made no attempt to argue that this Court should reconsider its ruling based on a change in controlling law. Second, to the extent that Riso's assertions are meant to support a showing of new evidence, they do not. Rather, the information and arguments presented in Riso's current motion are the same as those presented in his previous motion for compassionate release. To the extent Riso seeks to provide additional information as to his medical condition now, that information could have been and should have been previously submitted. A motion to reconsider is not a vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co., supra.*
As such, the Court will consider Riso's position to be that this Court needs to correct a clear error or manifest injustice.

Riso has not established a clear error or manifest injustice exists to support a reconsideration. While it is evident that Riso wishes to have this Court reconsider

3

its previous findings, he has failed to present any argument that the Court erred. The Court notes that the majority of Riso's arguments find error with the Government's position, but this Court's ruling was not based singularly on the Government's response. Rather, the Court considered whether Riso met *his* burden of establishing extraordinary and compelling circumstances. Further, regardless of Riso's complaints relating to the Government's response and his contention that the record did not contain all of the medical evidence, this Court did, in fact, credit Riso with the medical conditions he claimed and considered that Riso was eligible for a reduction. As a result, this Court continued its analysis to determine whether the § 3553 factors supported Riso's release and ruled, in its discretion, that they did not. (*See* Doc. 45). As a result, no injustice exists warranting an amendment to this Court's ruling.

Finally, the Court appreciates Riso's lengthy argument, asserted in his reply, that the Government lacks standing. To the extent that Riso's arguments on standing are meant to negate this Court's reliance on the Government's response, they do not. As stated herein above, it was Riso's burden to establish extraordinary and compelling circumstances warranting his early release. The Court considered Riso's motion and his supporting evidence and ultimately determined, in its discretion, that early release was not warranted. The Government's response was not determinative of that ruling and this Court's consideration of the Government's position was not in error. Regardless, however, the Court would have reached the same conclusion, with or without the Government's arguments with which Riso takes issue, based on the record. Accordingly, Riso's reply is misplaced and does not

4

support a reconsideration of this Court's previous ruling. Lastly, to the extent that Riso's reply contains new arguments or constitutional claims, those arguments could have been and should have been raised in his initial motion and, therefore, do not support a reconsideration.

In sum, the Court finds that Riso has not established a "clear error or manifest injustice" such that this Court's previous order should be amended. *See Gipson*, 511 F.Supp.2d at 1185. As such, Riso's motion is due to be denied.

## CONCLUSION

Upon consideration and for the reasons set forth herein above, Riso's motion is DENIED.

**DONE** and **ORDERED** this 18th day of October, 2021.

                         /s/ Callie V. S. Granade
                         SENIOR UNITED STATES DISTRICT JUDGE